NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALLAN FREDERICK LINDSTROM, *Appellant.*

No. 1 CA-CR 23-0131

FILED 09-25-2025

Appeal from the Superior Court in Maricopa County
No. CR2017-146752-001
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Ortega & Ortega PLLC, Phoenix
By Alane M. Ortega
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

---

**M O R S E,** Judge:

¶1        Allan Frederick Lindstrom appeals his conviction and sentence for second-degree murder.

¶2        After searching the entire record, Lindstrom's defense counsel identified no arguable, non-frivolous question of law.  In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Lindstrom had the opportunity to file a supplemental brief *in propria persona* but did not do so.

¶3        Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶4        We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Lindstrom.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998) (citing *State v. Nihiser*, 191 Ariz. 199, 201 (App. 1997)).

¶5        On October 2, 2017, Lindstrom entered a Mesa hospital requesting aid for his wife, "Mary"[1], who was at a nearby motel.  Security called 911 and police were dispatched to check on her.  Officers discovered Mary's body on the side of the bed in the couple's room.  She had been severely beaten and stabbed, with blood beside her and blood splatter nearby.

¶6        Officers searched Lindstrom at the hospital and found a knife in his possession.  Blood on the knife matched both Lindstrom and Mary.  Lindstrom had cuts on his arm and head, and Mary had wounds possibly sustained from defending herself.

---

[1]        We use pseudonyms in place of victims' names to protect their identities.  Ariz. R. Sup. Ct. 111(i).

¶7        The State charged Lindstrom with one count of second-degree murder and alleged Lindstrom killed Mary in a drug-induced rage for wearing provocative outfits that made him jealous.  Following a 19-day jury trial, the jury found him guilty and that the offense constituted domestic violence.  After trial, the jury separately found aggravating factors of using a deadly weapon and emotional or financial harm to the victim's immediate family.  The superior court also found that Lindstrom had a prior felony conviction.  The superior court sentenced him to 22 years in prison with 1,990 days of presentence incarceration credit.

¶8        Lindstrom timely appealed.  We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶9        The record reveals that the superior court conducted all proceedings in compliance with the Arizona Rules of Criminal Procedure, and that Lindstrom was present at all critical stages of the proceedings and represented by counsel.  *See* Ariz. R. Crim. P. 6.1, 19.2.  The State presented sufficient evidence from which the jury could determine Lindstrom's guilt beyond a reasonable doubt.  *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011).  The jury was comprised of eight members.  *See* A.R.S. § 21-102(B).  The superior court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offenses, and there is no evidence of reversible juror misconduct.  Lindstrom's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶10        We have reviewed the entire record for arguable issues of law and find none.  We affirm Lindstrom's conviction and sentence.  *See Leon*, 104 Ariz. at 300–01.

¶11        Upon the filing of this decision, defense counsel shall inform Lindstrom of the status of the appeal and of his future options.  Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  This Court, of its accord, grants Lindstrom 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.  *But see* Ariz. R. Crim. P. 31.20(c) (allowing 15 days to file a motion for reconsideration).  Lindstrom has 30 days from the date of this decision to file an *in propria persona* petition for

review or 15 days after a timely motion for reconsideration is decided.  *See* Ariz. R. Crim. P. 31.21(b)(2).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR